IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE DWAIN COPELAND,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, Trustee for GSAA Home Equity Trust 2006-12, Asset Backed Certificates, Series 2006-12, and<br>MR. COOPER HOME MORTGAGE COMPANY,<br><br>    Defendants. | No. 3:19-cv-02110-L-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this mortgage foreclosure action is a Motion to Dismiss or in the Alternative, Motion for Judgment on the Pleadings (ECF No. 21) filed by Defendants U.S. Bank National Association, Trustee for GSAA Home Equity Trust 2006-12, Asset Backed Certificates, Series 2006-12 ("U.S. Bank") and Mr. Cooper Home Mortgage Company ("Mr. Cooper"). For the reasons stated, the Motion should be GRANTED under Federal Rule of Civil Procedure 12(b)(1), and the case should be DISMISSED for lack of subject-matter jurisdiction. The Court should not grant Plaintiff Bruce Dwain Copeland leave to amend his pleadings.

1

## Background

Copeland alleges he owns property in Torrance, California (the "Property"). Compl. 2 (ECF No. 3). On September 5, 2019, Copeland filed this lawsuit against U.S. Bank, the purported holder of the mortgage on the Property, and Mr. Cooper, the purported mortgage servicer. *Id.* He asserts a claim under the California Rosenthal Act for improper debt collection and seeks declaratory and injunctive relief. *Id.* at 5-6. In his Complaint, Copeland alleges that he filed a Chapter 11 bankruptcy proceeding in the Central District of California in 2005 and obtained an order approving post-petition financing, which was used to purchase the Property. *See id.* at 2. However, instead of issuing the loan to Copeland as ordered by the bankruptcy court, U.S. Bank issued it to Copeland's wife and remitted the proceeds to an attorney who did not represent Copeland or his wife. *Id.* at 2-3. According to Copeland, those proceeds are "missing," and he has been disputing the validity of the loan since it was issued while still paying toward the loan balance. *Id.* at 4. He alleges that he was "in the dark as to the true value of the loan" until "Defendant sent a monthly statement alleging the debt to be $885,159.54[.]" *Id.* at 5. Copeland alleges that Defendants violated the Rosenthal Act when they "filed for trustee sale with a debt owed in the amount of $589,147.00," which he alleges is an effort to obtain $296,000.00 more than owed. *Id.* Based on this alleged conduct, Copeland seeks $100,000 from each defendant under the Rosenthal Act, as well as declaratory and injunctive relief.

2

Defendants moved to dismiss under Rule 12(b)(6) on the ground that Copeland has failed to state a claim under the Rosenthal Act, Br. 15-19 (ECF No. 22), and under Rule 12(b)(1) on the grounds that the Court lacks diversity jurisdiction and that the security instrument provides for jurisdiction in California, *id.* at 19-21. Defendants move alternatively for judgment on the pleadings under Rule 12(c) because Copeland's claims are barred by the doctrine of judicial estoppel. *Id.* at 12-15. Defendants also assert that Copeland lacks standing to bring this suit as his wife is the borrower on the loan, and Copeland is not. *Id.* at 11-12. Copeland timely responded to the Motion, and Defendants timely replied. Accordingly, the Motion is ripe for determination.

## Legal Standard(s)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it

cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The Fifth Circuit recognizes two types of challenges to a federal court's subject-matter jurisdiction—"facial" attacks, which are based solely on the pleadings, and "factual" attacks, which are based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citation omitted)). Whether the attack is facial or factual, however, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

When a defendant files a Rule 12(b)(1) motion to dismiss accompanied by supporting evidentiary materials, the attack is factual. *Paterson*, 644 F.2d at 523. The plaintiff must respond to a factual attack by also submitting facts through some evidentiary method and has the burden of proving jurisdiction by a preponderance of evidence. *Id.* Here, Defendants filed the Motion to Dismiss with supporting exhibits upon which they rely in attacking subject-matter jurisdiction;

4

thus, Defendants make a "factual" attack on the Court's subject-matter jurisdiction.

## Analysis

Federal jurisdiction in this case is predicated on diversity of citizenship under 28 U.S.C. § 1332. Compl. 2. A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and all parties in the matter are completely diverse. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity requires that *each* plaintiff is completely diverse from *each* defendant. *Id.* In other words, complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal alterations and quotations omitted). An individual's citizenship is determined by his domicile, that is, the place the person actually resides and intends to remain. *See id.* (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)). An individual's residence is *prima facie* his domicile. *Id.* The citizenship of an LLC is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). And a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1332(c)(1)).

Copeland alleges in his Complaint that he is a citizen of Oklahoma but that he works in Dallas and has a temporary address in Dallas. Compl. 1-2. He further

alleges that U.S. Bank is a citizen of Ohio. *Id.* at 2. Finally, he alleges that Mr. Cooper "is a mortgage service company based in Texas . . . [that] has [its] principle [sic] business" in Coppell, Texas. *Id.* Defendants clarify that Mr. Cooper is an LLC comprising two members—"Sub 1" and "Sub 2." Br. 20. The sole member of both Sub 1 and Sub 2 is Nationstar Mortgage Holdings, Inc. *Id.* According to Defendants, Nationstar Mortgage Holdings, Inc. is a Delaware corporation with its principal place of business in Texas. *Id.* While the Complaint appears to indicate that the parties are diverse, Copeland has admitted both in court filings and in open court that he is now, and was at the time he filed his Complaint, a Texas resident.

Because Copeland did not appear at a Rule 16 status conference on December 4, 2019 as ordered, the Court issued an order directing Copeland to show cause as to why he should not be sanctioned for his failure to appear. Order to Show Cause (ECF No. 15). Copeland's response to the Court's show cause order reflected a *Texas* address—not the *Oklahoma* address stated in his Complaint. *See* Resp. Show Cause 3 (ECF No. 16). Accordingly, at the January 15, 2020 hearing on the show cause order, the Court asked Copeland to clarify where he lives. After Copeland stated on the record that he lives in Texas, the Court confirmed that Copeland has lived in Texas at least since he filed the Complaint:

>THE COURT: All right. So, how long have you been a Texas resident?
>MR. COPELAND: September.
>
>. . .

> THE COURT: September? So[,] you were living in Texas when you filed this lawsuit?
>
> MR. COPELAND: Yes.
>
> . . .
>
> THE COURT: Okay. But you consider yourself a resident of Texas, and you have been a resident of Texas since September?
>
> MR. COPELAND: That's correct.
>
> THE COURT: And at the time you filed this lawsuit you were a resident of Texas?
>
> MR. COPELAND: That's correct.

Tr. 3-4 (ECF No. 23). Moreover, in his response to Defendants' Motion, Copeland reiterates that he "'officially' relocated to the State of Texas on or about September 1, 2019." Resp. 5. As Copeland was a resident of Texas on September 5, 2019 when he filed his Complaint and remains a Texas resident today, Copeland is *prima facie* a citizen of Texas. As discussed above, Mr. Cooper is also a citizen of Texas. Accordingly, complete diversity is lacking, and this Court does not have jurisdiction.

Copeland concedes that he "is aware Defendant Mr. Cooper is a Texas based company." *Id.* However, Copeland asserts that the Court has jurisdiction because "Defendant [Mr.] Cooper is a mere 'service agent' for Defendant [U.S. Bank]," and, acknowledging that U.S. Bank is a citizen of Ohio, argues that U.S. Bank's "attempt to use the address of [its] 'agent' to establish a Texas based entity does not meet the standards set under 28 U.S.C. [§] 1332." Resp. 5-6. As discussed above, § 1332 requires *complete* diversity, and complete diversity requires that each plaintiff is a

citizen of a different state than *each* named defendant. *MidCap Media Fin.*, 929 F.3d at 313. As Mr. Cooper is a named defendant in this suit, it matters not that it is "a mere 'service agent'" for U.S. Bank. Because both Copeland and Mr. Cooper are citizens of Texas, the Court lacks subject-matter jurisdiction, and the Motion should be granted on Rule 12(b)(1) grounds.[1]

Copeland should not be afforded leave to amend his Complaint. Copeland asks the Court to deny the Motion or, in the alternative, for leave to amend his Complaint. Resp. 12. Copeland does not provide a proposed amended complaint, but the Court construes Copeland's Response as a request to amend the Complaint to add a claim under the Texas Debt Collection Act, Texas's corollary to the California Rosenthal Act. *Id.* ("Plaintiff Copeland pleading of the Rosenthal Act should have been a violation of the Texas unfair Debt collection Act."). Adding a claim under the Texas Debt Collection Act, however, would not cure the jurisdictional problem. The parties are still not completely diverse. Copeland's request for leave to amend should be denied as futile. *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) (affirming denial of leave to amend where proposed amendment was subject to same grounds for dismissal as original complaint); *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th

---

[1] Because there is no subject-matter jurisdiction, the Court declines to address whether Copeland has stated a claim under the Rosenthal Act, whether Copeland's claims are barred by judicial estoppel, and whether Copeland has standing to bring the suit.

Cir. 1968) (per curiam) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.").

## Recommendation

For the foregoing reasons, Defendants' Motion to Dismiss or in the Alternative, Motion for Judgment on the Pleadings (ECF No. 21) should be GRANTED under Federal Rule of Civil Procedure 12(b)(1), and the case should be DISMISSED for lack of subject-matter jurisdiction. The Court should not give Copeland leave to amend his pleadings.

**SIGNED** April 6, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).