IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE DWAIN COPELAND, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:19-CV-2110-L** |
| U.S. BANK NATIONAL ASSOCIATION, Trustee for GSAA Home Equity Trust 2006-12, Asset Backed Certificates, Series 2006-12; and MR. COOPER HOME MORTGAGE COMPANY, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This *pro se* mortgage foreclosure action was referred to United States Magistrate Judge Rebecca Rutherford for pretrial management on November 7, 2019. On January 15, 2020, the parties attended a status conference, and Magistrate Judge Rutherford ordered Defendants U.S. Bank National Association, Trustee for GSAA Home Equity Trust 2006-12, Asset Backed Certificates, Series 2006-12 ("U.S. Bank"); and Mr. Cooper Home Mortgage Company's ("Mr. Cooper") (collectively, "Defendants") to file an early dispositive motion. *See* Doc. 14.

On January 17, 2020, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings ("Motion") (Doc. 21), seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, asserting that diversity of citizenship is lacking and the Deed of Trust requires the action be brought in California; and Rule 12(b)(6) for failure to state a claim under the California Rosenthal Act. Alternatively, Defendants move for judgment on the pleadings under Rule 12(c) and allege that Plaintiff Bruce Dwain Copeland's ("Plaintiff" or "Mr. Copeland") claims are barred by the doctrine of judicial estoppel.

Defendants also contend that Plaintiff lacks standing to bring this action, as the mortgage for the property at issue is in his wife's name, not his.

On April 6, 2020, Magistrate Judge Rutherford entered the Findings, Conclusions, and Recommendation of the Magistrate Judge (the "Report") (Doc. 26), recommending that the court grant Defendants' Motion and dismiss this action for lack of subject matter jurisdiction. Mr. Copeland filed his Objections (Doc. 27) to the Report on April 20, 2020, and Defendants filed their Response (Doc. 28) on April 22, 2020.

## I.   Magistrate Judge's Report

In the Report, Magistrate Judge Rutherford recommended that the court grant Defendant's Motion and dismiss this action for lack of subject matter jurisdiction. This determination was based specifically on whether Plaintiff was an Oklahoma or Texas citizen at the time of filing. In Plaintiff's Original Petition ("Complaint")[1] (Doc. 3), he alleged that, at the time, he was a citizen of Oklahoma but worked and had a temporary address in Texas. Compl. 1-2. He also alleged that Mr. Cooper and U.S. Bank have principal places of business in Texas and Ohio, respectively.[2] Magistrate Judge Rutherford scheduled a Rule 16 status conference for December 4, 2019, but Plaintiff did not appear, which led to the issuance of an Order to Show Cause Order (Doc. 15). In his Response to the Magistrate Judge's Show Cause Order (Doc. 16), Plaintiff asserted that he did not receive notice of his appearance because of issues with his e-mail address and requested that all future notifications be sent via mail to his Texas address. As a result, Magistrate Judge Rutherford rescheduled the status conference to January 15, 2020.

---

[1] Plaintiff Bruce D. Copeland referred to the document that originally commenced this action as a "Petition." The correct appellation for this document is "Complaint," as "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

[2] While Plaintiff did not sufficiently allege the citizenship of Defendants, Magistrate Judge Rutherford noted that Defendants, in their Motion, confirmed that Mr. Cooper is a citizen of Delaware and Texas, and U.S. Bank is a citizen of Ohio. Report 6 (citing Defs.' Mot. 2). Accordingly, the citizenship of Defendants is undisputed.

**Memorandum Opinion and Order – Page 2**

During the January status conference, Mr. Copeland acknowledged that he was a resident of Texas at the time he filed the lawsuit. Report 6-7 (citing Conf. Tr., Doc. 23, at 3-4). Magistrate Judge Rutherford highlights that in Plaintiff's Response to Defendant's Motion (Doc. 24), he stated that he "'officially' relocated to Texas on or about September 1, 2019." Report 7 (quoting Pl.'s Resp. 5). His Complaint was filed on September 5, 2019.

Based on Plaintiff's assertions that: (1) he was living in Texas at the time the Complaint was filed; (2) he had officially relocated to Texas on or about September 1, 2019; and (3) he is still a Texas resident, Magistrate Judge Rutherford determined that Plaintiff is "*prima facie* a citizen of Texas." *Id.* As both Plaintiff and Mr. Cooper are citizens of Texas, she determined that this court does not have jurisdiction based on diversity of citizenship.[3] She further determined that Plaintiff's argument that Mr. Cooper is a "mere 'service agent' for Defendant [U.S. Bank]" is of no moment, as Plaintiff named Mr. Cooper as a defendant, and, accordingly, its Texas citizenship is relevant for the purposes of establishing diversity jurisdiction. Additionally, Magistrate Judge Rutherford recommended that the court deny Mr. Copeland's request to amend and add a claim under the Texas Debt Collections Act, as he is unable to establish that the court has jurisdiction to entertain this action, and, thus, such amendment would be futile.

## II.   Parties' Arguments

Mr. Copeland objects to the Report on two grounds. In his first objection, he asserts that the Magistrate Judge's order directing Defendants to file an early dispositive motion and placing a stay on his Rule 26 Discovery requests violated his Fourteenth Amendment Right to an impartial court. Specifically, he asserts that by issuing such order, the Magistrate Judge gave Defendants

---

[3] Plaintiff has made no allegation from which this court can reasonably infer that it has federal question jurisdiction. Thus, the court only considers whether it has jurisdiction based on diversity of citizenship.

**Memorandum Opinion and Order – Page 3**

"legal guidance" on how to proceed against him and "handcuffed" his legal defense by ordering a stay of his discovery requests. Accordingly, he contends that by providing Defendants their legal strategy and ruling in their favor, the Magistrate Judge violated his Fourteenth Amendment right to a fair and objective court.

In response, Defendants contend that Plaintiff's first objection lacks merit, as it does not assert any specific objection to the Report. Also, they assert that the Magistrate Judge did not give them legal guidance as Plaintiff alleges, as they informed the court during the initial status conference, which Plaintiff did not attend, that they would be filing a dispositive motion to address threshold jurisdictional issues. Moreover, they assert that the court has the discretion under Federal Rule of Civil Procedure 16(b) to enter and modify scheduling orders, which includes broad authority to manage the discovery process. Additionally, Defendants contend that Plaintiff's claim alleging a violation of his Fourteenth Amendment rights is frivolous and without merit, as he has made no showing of how his rights were violated or identified who violated those rights. Accordingly, Defendants assert that Plaintiff's first objection should be overruled on this basis.

In his second objection, Mr. Copeland objects to the Magistrate Judge's determination that this court lacks subject matter jurisdiction and asserts that this court has diversity jurisdiction based on the "time of filing" rule. Specifically, as it relates to his citizenship at the time of filing, Mr. Copeland asserts as follows:

> On **September 5, 2019**, [he] filed his complaint with the Northern District of Texas. This filing was done "before" Plaintiff decided to move to Texas, thus the reason for the document bearing his "home" address in Oklahoma. Based on events that occurred about a week later, [he] moved to Texas. [. . .]
>
> Plaintiff did advise the [c]ourt he was in the "process" of moving to Texas at the **"time"** he filed the complaint. However, he had not moved yet. Plaintiff filed the complaint on September 5, 2019. On the **date** of filing, Plaintiff **lived** in Oklahoma.

**Memorandum Opinion and Order – Page 4**

Pl.'s Obj. 5.  Accordingly, Plaintiff contends that complete diversity exists, as (1) he lived in Oklahoma at the time of filing; (2) Mr. Cooper is based in Texas; and (3) U.S. Bank is based in Ohio.  He, therefore, asserts that the court should reject the Report and find that it has jurisdiction based on diversity of citizenship.  Alternatively, Plaintiff requests that the court remand the case to state court.

In response, Defendants contend that Mr. Copeland was a Texas citizen at the time of filing and that his recent assertions are "nothing more than a contorted argument that backtracks on prior representations to the [c]ourt."  Defs.' Resp. to Obj. 7.  They also assert that Plaintiff has failed to demonstrate by a preponderance of the evidence that this court has jurisdiction to entertain this action.  With regard to Plaintiff's citizenship, Defendants contend that "Plaintiff clearly did not have an intent to remain in Oklahoma[,] and he has conceded that he already moved to Texas at the time of filing the complaint."  *Id.* at 8.  They assert note that Plaintiff stated he "was in the process of moving to Texas at the time[.]"  *Id.*  Defendants also highlight the following:

> Plaintiff's diversity jurisdiction allegation in his Complaint is misleading as he has subsequently admitted both in court filings and in open court that he is now, and was at the time he filed his Complaint, a Texas resident. Plaintiff's Response (Doc. 16) to the Court's Show Cause Order (Doc. 15) reflected a Texas address— not the Oklahoma address stated in his Complaint. See Response to Show Cause 3 (Doc. 16). Then at the January 15, 2020 hearing on the Show Cause Order, Plaintiff stated on the record that he lives in Texas and the Court confirmed that Plaintiff has lived in Texas since at least the time of filing of the Complaint.

Defs.' Resp. to Obj. 8.  Accordingly, Defendants assert that Plaintiff was a citizen of Texas, not Oklahoma, at the time of filing.  As Defendant Mr. Cooper is also a Texas citizen, they further contend that complete diversity is lacking, and, thus, the court should grant their Motion and dismiss this lawsuit for lack of jurisdiction.

With regard to Plaintiff's request to remand this action to state court, Defendants assert that this request is improper, as this action was originally filed in federal court, not removed, and

Memorandum Opinion and Order – Page 5

there is no "reverse removal statute or remand for a case that did not originate in a state court." Defs.' Resp. to Obj. 9. Accordingly, they assert that if the court lacks jurisdiction, this action should be dismissed. Additionally, they note that Plaintiff does not address the Magistrate Judge's recommendation that he should not be allowed to amend his Complaint and, thus, has abandoned this request.

### III.   Analysis

#### A.   Plaintiff's First Objection

Plaintiff contends that the Magistrate Judge's order directing Defendants to file an early dispositive motion violated his Fourteenth Amendment right to an impartial court. This argument is not only without merit but is also improperly before the court. First, a court has the discretion to control its own docket and may order expedited briefing in the interest of judicial efficiency. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012) ("The district court has board discretion to control its own docket and permit the filing of pleadings.") (citation omitted). Additionally, nothing in the Magistrate Judge's order provided a legal strategy to Defendants, stripped Plaintiff of any constitutional rights, or guaranteed that any dispositive motion filed would be granted. Thus, Plaintiff has not shown that the Magistrate Judge's order violated his Fourteenth Amendment rights.

Second, Plaintiff did not raise this issue in his Response to Defendants' Motion, although he had ample opportunity to do so; and, therefore, it is not properly before the court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (stating that issues raised for the first time in objections to magistrate judge's report are not properly before the court); *see also Moore as Next Friend of Moore v. Tangipahua Parish Sch. Bd.*, 771 F. App'x 540, 544 n.4 (5th Cir. 2019). For these reasons, the court **overrules** Plaintiff's Objections to the extent he contends that the

Magistrate Judge's order for an early dispositive motion violated his Fourteenth Amendment rights.

### B. Plaintiff's Second Objection

Plaintiff also objects to the Magistrate Judge's determination that this court lacks jurisdiction and asserts that the court has jurisdiction based on diversity of citizenship because he was an Oklahoma citizen at the time he filed his Complaint. As the party asserting that the court has jurisdiction, Plaintiff has the burden to establish that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

In Defendants' Motion, however, they challenged the jurisdictional allegations Plaintiff made in his Complaint. In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986). "If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In response to a factual attack, a plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.* All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424. As Defendants have asserted

a factual attack of the court's jurisdiction (*See* Doc. 21), Plaintiff must demonstrate by a preponderance of the evidence that diversity jurisdiction exists.

After consideration of the parties' briefing, the record, and testimony provided during the status conference, Magistrate Judge Rutherford determined that Plaintiff was *prima facie* a Texas citizen at the time of filing. The court agrees. A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

The issue before the court is whether Plaintiff has demonstrated by a preponderance of the evidence that he was domiciled in Oklahoma—not Texas—at the time this action was filed. In his Complaint, he affirmatively stated that he was a citizen of Oklahoma but also alleged that he had a temporary address in Texas. In his Response to Defendants' Motion, however, he stated that he "officially relocated" to Texas on or about September 1, 2019, which is days before he filed his Complaint. In his Objections, he attempts to retract his previous assertion and contends that he was in the "process" of moving to Texas at the time of filing but had not moved yet. This statement, however, does nothing to aid Plaintiff's position. To the contrary, his assertion that he was in the process of relocating to Texas at the time he filed the Complaint supports Defendants' position that he was a Texas, not an Oklahoma, citizen.

In their Response to Plaintiff's Objections, Defendants assert that Plaintiff's acknowledgement that he was in the process of relocating to Texas when he filed this action demonstrates his intent to remain in Texas. The court agrees. Additionally, Plaintiff's (1) inclusion of a temporary address in Texas in his Complaint; (2) testimony that he was residing in Texas at the time he filed the Complaint; and (3) admission that he "officially relocated" to Texas on or about September 1, 2019, supports Defendants' position that Plaintiff not only resided in Texas but also had the intent to remain in Texas at the time of filing. Plaintiff's assertion that he had not yet moved to Texas is directly contradicted by admissions he previously made on the record. Moreover, Plaintiff presents no evidence to demonstrate that he was a resident with the intent to remain in Oklahoma at the time of filing. Thus, the court determines that Plaintiff has failed to demonstrate by a preponderance of the evidence that he was a citizen of Oklahoma at the time he filed his Complaint. Accordingly, the court determines that Plaintiff was a resident of Texas with the intent to remain at the time of filing and, thus, domiciled in Texas. The court, therefore, determines that Plaintiff was a citizen of Texas—not Oklahoma—at the time he filed this action.

As the court has determined that Plaintiff was a citizen of Texas at the time this action commenced, it further determines that complete diversity is lacking, as Mr. Cooper is a Texas citizen. The court, therefore, does not have jurisdiction based on diversity of citizenship. Further, Plaintiff makes no allegations that raise a federal question; thus, the court determines that federal question jurisdiction also does not apply. As neither diversity jurisdiction nor federal question jurisdiction exists, the court determines that it lacks jurisdiction to entertain this action. Accordingly, the court **overrules** Plaintiff's objection on this basis and will grant Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction. As the court determines that

it lacks jurisdiction to entertain this action, it declines to address Defendants' remaining grounds for dismissal or motion for judgment on the pleadings.

As an alternative to dismissal, Plaintiff requested that the court remand this action to state court. This request, however, is procedurally improper, as this action was originally filed by Plaintiff in federal court, not state court. As Defendants correctly noted, there is no statute that permits the remand of an action that was not originally filed in state court, and, therefore, Plaintiff's request is **denied.** Nothing in this order prohibits Plaintiff from filing this action in state court if he so chooses.

Plaintiff also requested an opportunity to amend his pleadings to add a claim under the Texas Debt Collection Act ("TDCA"). Magistrate Judge Rutherford determined that allowing an amendment would be futile, as Plaintiff is unable to establish that the court has subject matter jurisdiction. Plaintiff did not address this recommendation and, thus, has abandoned his request to amend. Nonetheless, the court agrees with the Magistrate Judge's conclusion that any opportunity to amend would be futile, as the addition of a claim under the TDCA does nothing to create diversity of citizenship between the parties. Accordingly, Plaintiff's request to amend his Complaint is **denied.**

## IV. Conclusion

After considering the pleadings, record, evidence, and Report, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that Plaintiff was domiciled in Texas at the time of filing and, therefore, was, and still is, a Texas citizen. As Mr. Cooper is also a Texas citizen, complete diversity is lacking, and, therefore, the court does not have jurisdiction based on diversity of citizenship. Accordingly, the court

determines that the findings and conclusions of the Magistrate Judge are correct, as herein supplemented, and **accepts** them as those of the court.

For the reasons herein stated, Plaintiff's Objections (Doc. 27) are **overruled**; Defendant's Motion to Dismiss (Doc. 21) is **granted** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction; and this action is **dismissed without prejudice**. Additionally, Plaintiff's request to remand this action to state court and his request to amend his Complaint are **denied.**

**It is so ordered** this 24th day of April, 2020.

                                                Sam A. Lindsay
                                                United States District Judge